BOREN V. GRIFFITH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-375-CV

RONNIE K. BOREN AND VICTORIA APPELLANTS

BETH BOREN, INDIVIDUALLY AND 

AS PARENTS OF WESLEY BOREN 

AND DALTON BOREN

V.

GORDON GRIFFITH AND TOP OF APPELLEES

TEXAS KID FOOTBALL LEAGUE, INC.

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Ronnie K. Boren and Victoria Boren, individually and as parents of Wesley Boren and Dalton Boren, appeal a no-evidence summary judgment in favor of Gordon Griffith and Top of Texas Kid Football League, Inc.  
See
 Tex. R. Civ. P. 
166a(i).  In one point on appeal, appellants assert that the trial court erred by granting the summary judgment because there were questions of material fact concerning appellants’ allegations of 42 U.S.C. § 1983 civil rights violations and intentional infliction of emotional distress. 

Appellants sued appellees on November 3, 2000.  According to their petition, appellants’ twelve-year-old son Wesley, who suffers from Attention Deficit Hyperactivity Disorder, dyslexia, and auditory deficit, was suspended from the Top of Texas Kid Football League, Inc. because of discipline problems, and their younger son Dalton was denied the opportunity to play in the Pee-Wee League of the Top of Texas Kid Football League, Inc. as a result of his brother’s suspension.  Appellants allege that appellee Gordon Griffith is the “primary leader and person in charge of the Top of Texas Kid Football League, Inc.”  Their civil-rights-violation claim was based on the allegation that appellees were acting under color of state law when appellants’ children were denied the opportunity to play youth football because Griffith is a County Commissioner for Wichita County, Texas who uses equipment belonging to Wichita County, Texas to further the interests of the Top of Texas Kid Football League, Inc.  Appellants also asserted an intentional infliction of emotional distress claim, alleging that appellees’ conduct in denying appellants’ children the opportunity to play youth football in the Top of Texas Kid Football League, Inc. caused appellants to suffer “depression, humiliation, loss of enjoyment of life, embarrassment, crying, loss of appetite and other severe emotional and mental trauma.” 

On January 23, 2002, appellees filed a no-evidence motion for summary judgment.  
See id.
  In their response, appellants cite three cases, without discussion, which they claim “clearly defeat[]” the motion for summary judgment on the civil rights claim and assert that they “have more than alleged all of the elements” concerning their intentional infliction of emotional distress claim, but they failed to come forward with any evidence to support either of their causes of action.  The trial court granted a partial summary judgment because “there is no evidence to support the [appellants’] claims in this case.”  The trial court subsequently granted appellees’ attorney’s fees
(footnote: 2) and entered a final summary judgment in appellees’ favor. 

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Id.
  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Appellees’ motion for summary judgment was filed nine months after the first written discovery responses were due in the case.  In their motion for summary judgment, appellees specifically stated the elements for which they asserted there was no evidence: (1)  that appellees acted under color of state law, and (2) that appellees engaged in intentional or reckless conduct that was so extreme and outrageous as to cause appellants’ emotional distress.  Appellants did not produce any summary judgment evidence to raise a genuine issue of material fact on these claims.  Thus, the trial court had no discretion but to grant the motion for summary judgment.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
S.W. Elec. Power Co., 
73 S.W.3d at 215. 

We overrule appellants’ point and affirm the trial court’s judgment.   

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  June 5, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellants do not address the attorney’s fees award in the argument section of their brief.